CLINTON GILBERT, Appellant, v. HARRY B. ROSEN, Respondent.

First Department, March 5, 1920.

Contracts — action for breach — evidence — admissibility of parol evidence of prior or contemporaneous statements — charge based on inadmissible testimony.

In an action to recover damages for the breach of a written contract of sale of shares of stock, parol evidence of prior or contemporaneous statements is not admissible to show that there was an understanding that the defendant was to secure the shares from a third person and that the plaintiff himself secured the same number of shares from said third person at a different price.

It was error for the court to charge that if the jury found that it was intended that the delivery to the plaintiff of the stock purchased from the third person was the stock that the defendant· had agreed to deliver to the plaintiff then there could be no recovery.

CLARKE, P. J., and SMITH, J., dissent.

APPEAL by the plaintiff, Clinton Gilbert, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 31st day of May, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of May, 1919, denying plaintiff's motion for a new trial made upon the minutes.

*William Montague Geer, Jr.,* of counsel [*A. Leo Everett* with him on the brief; *Everett, Clarke & Benedict,* attorneys], for the appellant.

*William H. Chorosh,* for the respondent.

PAGE, J.:

The plaintiff was a broker and dealer in stocks, specializing in bank stocks. He sent on January 27, 1919, a letter to holders of the stock of the Merchants National Bank, among whom were the defendant and Joseph M. Schenck, stating that he was interested in purchasing such stock. The defendant sold 100 shares of stock that he owned to plaintiff on January 28, 1919. In the letter confirming the purchase of this 100 shares the plaintiff refers to an option on 400 shares that the defendant had given plaintiff at the same price. No claim, however, is made on this option. On January 29, 1919, the defendant wrote plaintiff:

" DEAR MR. GILBERT.— This is in confirmation of our telephone conversation today when I sold you two hundred shares of Merchants National Bank stock at $140. I will deliver the stock to you tomorrow."

On the same date plaintiff wrote to the defendant: " This confirms purchase from you today — 200 shares Merchants Nat'l Bank at 140."

These two letters form a valid binding contract in writing. Over the objection and exception of the plaintiff's attorney the defendant was permitted to adduce evidence tending to show an oral understanding that this 200 shares of stock was the stock of Joseph M. Schenck, and that the defendant was attempting to get this stock as a favor to plaintiff. It was shown that on January 27, 1919, plaintiff had written to Schenck a letter stating: " We are interested in purchasing some Merchants National Bank at 140. If interested, please advise," to which Schenck replied on the 28th: " I have Two Hundred shares ' Merchants' National Bank ' at 145. If interested, advise me at once."

Plaintiff's manager called Schenck on the telephone, and they agreed on a sale at 141. On January 29, 1919, plaintiff wrote to Schenck: " This confirms purchase from you to-day — 200 shares Merchants Nat'l Bank at 141," and that day

received the stock through the Commercial Exchange Bank on payment of the price. The court charged the jury: " * * * if you determine, gentlemen, that it was intended that the delivery by Schenck at 141 was the stock that the defendant had agreed to deliver to the plaintiff, then the defendant is entitled to a verdict."

This charge ignores the existence of a contract between the plaintiff and Schenck which was fully performed on the day the contract was made between plaintiff and defendant, and makes the performance of another contract between the plaintiff and Schenck for the purchase of stock at a different price a performance of the contract between plaintiff and defendant. It may be that the defendant intended to get Schenck's stock to make delivery on his contract. Failing to do so he had to secure other stock to make delivery or be liable in damages. There was a complete written contract between plaintiff and defendant which could not be varied by parol evidence of prior or contemporaneous statements. Defendant's default was admitted, and no competent evidence was received that excused the default. There was no contradiction of the testimony that the market price of this stock was $150 on January 29, 1919, and for several days thereafter. The court should have granted plaintiff's motion and directed a verdict in his favor.

The judgment and order should, therefore, be reversed, with costs, and judgment ordered for plaintiff against the defendant for $2,000, with interest from January 29, 1919, together with the costs of the action.

LAUGHLIN and MERRELL, JJ., concur; CLARKE, P. J., and SMITH, J., dissent.

Judgment and order reversed, with costs, and judgment ordered for plaintiff against defendant for $2,000, with interest from January 29, 1919, together with costs. Settle order on notice.